IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MAURIEL GLOVER                                                    PETITIONER

VERSUS                                        CIVIL ACTION NO. 3:15-cv-296-CWR-FKB

UNITED STATES OF AMERICA and
WARDEN UNKNOWN MOSELY                                            RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner

Mauriel Glover is a federal inmate presently incarcerated at the Federal Correctional Complex in

Yazoo City, Mississippi.  He filed this *pro se* Petition for habeas corpus relief pursuant to 28

U.S.C. § 2241.  After reviewing the Petition [1] and Memorandum in Support [2], in conjunction

with the relevant legal authority, the Court concludes that Glover's Petition should be

dismissed.[1]

## I.      Background

Petitioner pleaded guilty in the United States District Court for the District of

Connecticut to conspiracy to distribute more than 50 grams of crack-cocaine base in violation of

21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1),[2] and he was sentenced on June 23, 2010, to 252

---

[1]Though Petitioner named both the United States and Warden Mosley as Respondents,
Warden Mosley is Petitioner's custodian and the only proper Respondent to this Section 2241
Petition.  28 U.S.C. §§ 2242, 2243.

[2]"If any person commits such a violation after a prior conviction for a felony drug offense
has become final, such person shall be sentenced to a term of imprisonment which may not be
less than 20 years and not more than life imprisonment . . . ."  21 U.S.C. § 841(b)(1)(A).

months imprisonment. *United States v. Glover*, No. 3:08-cr-4-JCH-1 (D. Conn. June 23, 2010). Petitioner's conviction was affirmed by the United States Court of Appeals for the Second Circuit. *See United States v. Glover*, 448 F. App'x 158 (2d Cir. Jan. 18, 2012), *cert. denied*, 132 S. Ct. 2701 (May 29, 2012).

Petitioner subsequently filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court. Pet. [1] at 3. Petitioner appealed the decision of the sentencing court, and the Second Circuit denied Petitioner's motion to proceed *in forma pauperis* and his motion for Certificate of Appealability. *United States v. Glover*, No. 14-900 (2d Cir. Nov. 6, 2015).

Petitioner asserts as grounds for the instant Petition that the United States failed to comply with 21 U.S.C. § 851(a). Pet. [1] at 4, Mem. [2] at 3. Section 851(a)(1) requires that if the United States intends to use a prior conviction to increase punishment, it must file an information and serve the defendant with a copy before entry of a guilty plea or trial. Section 851(a)(2) prohibits the filing of such an information if the proposed increased punishment exceeds three years imprisonment unless the defendant was prosecuted by indictment or waived indictment for the offense being used to increase the sentence.

Petitioner also claims that his prior drug conviction, used to increase his sentence pursuant to 21 U.S.C. § 841(b)(1)(A), was a simple possession misdemeanor and therefore could not lawfully be used to enhance his sentence. Pet. [1] at 5. Finally, Petitioner requests that this Petition be transferred to the "circuit of confinement." *Id.*

As relief, Petitioner is requesting "removal of the 851(a) to provide the lower penalty." Pet. [1] at 6.

II.     **Analysis**

A federal inmate may attack the manner in which his sentence is being carried out or the prison authorities' determination of its duration in a habeas petition pursuant to 28 U.S.C. § 2241, filed in the same district where the prisoner is incarcerated.  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  By contrast, a federal inmate's challenge to the validity of his conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court.  *Id.* (quoting *Cox v. Warden, Fed. Det. Ctr.,* 911 F.2d 1111, 1113 (5th Cir. 1990) (stating that "the primary means of collateral attack on a federal sentence" is a Section 2255 motion)).  If a prisoner is challenging errors that "occurred during or before sentencing," his claims should be pursued in a Section 2255 motion.  *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).  Furthermore, a habeas petition under Section 2241 is not a substitute for a motion under Section 2255.  *Pack*, 218 F.3d at 452.

In the event, however, a "petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241."  *Wesson v. U.S. Penitentiary Beaumont, TX,* 305 F.3d 343, 347 (5th Cir. 2002) (per curiam) (citing *Pack,* 218 F.3d at 452).  This is referred to as the "savings clause" of Section 2255. *Id.*  To meet the stringent inadequate or ineffective test to proceed under the savings clause, Petitioner "must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion."  *Id.* (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).  Petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective to test the

legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) ("[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.").

    A.    *Ground One*

    With respect to his Section 851(a)(1) insufficient notice argument, Petitioner relies on *Price v. United States,* 537 U.S. 1152 (2003), *United States v. Williams*, 59 F.3d 1180 (11th Cir. 1995), *United States v. Collado*, 106 F.3d 1097 (2d Cir. 1997), *overruled by United States v. Ortiz,* 143 F.3d 728 (2d Cir. 1998), *Sapia v. United States,* 433 F.3d 212 (2d Cir. 2005), *United States v. Arnold*, 467 F.3d 880 (5th Cir. 2006), *Vadas v. United States,* 527 F.3d 16 (2d Cir. 2007), and *United States v. Morales*, 560 F.3d 112 (2d Cir. 2007).  Mem. [2] at 2-3.

    Petitioner's reliance on *Price, Williams, Collado, Sapia, Arnold, Vadas* and *Morales* to support his claim that he meets the savings clause by virtue of the United States having failed to comply with Section 851(a) is misplaced.  As noted *supra*, Petitioner filed a Section 2255 motion to vacate his sentence.  *See Glover v. United States,* Civil Action No. 3:13-CV-802-JCH (D. Conn. March 6, 2014).  The sentencing court rejected Petitioner's contention that he did not receive timely notice that the government intended to use his prior conviction to enhance his sentence.  *Id.* at 3-5.  That court cited *Morales,* the latest notice case relied upon by Petitioner, in its decision.  *Id.* at 3.  Lack of success under Section 2255 fails to establish that the Section 2255 remedy is "inadequate or unavailable."  *Wilson v. Roy*, 643 F.3d 433, 435 (5th Cir. 2011)(citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).

    Moreover, of the cases Petitioner cited, only *Price* is a Supreme Court case so as to even arguably trigger the first prong of the savings clause.  In *Price*, which at the Supreme Court level

4

only involved a conviction under 18 U.S.C. § 924(c)(1), the defendant did not receive notice that prior convictions could be used. *United States v. Price*, 31 F. App'x 158 (5th Cir. 2003)(opinion on remand). The Supreme Court remanded the case for consideration based on, *inter alia*, the prosecution's admission that Petitioner did not receive notice. *See Price v. United States,* 537 U.S. 1152 (2003). The Fifth Circuit then affirmed Price's Section 924(c)(1) conviction because that charge did not require conviction of the predicate offense. Even if, contrary to the sentencing court's finding, Petitioner in this case did not receive notice, *Price* is not a substantive decision Supreme Court decision which was made retroactive. *See Sharbutt v. Vasquez*, 600 F. App'x 251, 262 (5th Cir. 2015) (per curiam) (*Peraud*, which vacated and remanded a Fourth Circuit case for further consideration, is not a substantive decision for 2241 purposes).

Clearly, Petitioner's claim is not "based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense." *See Wesson*, 305 F.3d at 347. Because Petitioner is required to prove both prongs of the inadequate or ineffective test to invoke the savings clause of Section 2255, the Court need not address the second prong.

### B.    *Ground Two*

Petitioner next argues that his prior drug conviction in the State of Connecticut was for simple possession, treated as a misdemeanor by the State of Connecticut,[3] and could not be used

---

[3]There is a bill pending to change the statute under which Petitioner was convicted in Connecticut, Section 21a-279, effective October 1, 2015, to make drug possession under that statute a "Class A Misdemeanor." *See* S.B. 952, General Assembly-January Session (Conn. 2015).

as an enhancement under 21 U.S.C. § 841(b)(1)(A).  Mem. [2] at 4.  In support of this argument, Petitioner relies on *Steele v. Blackman*, 236 F.3d 130 (3rd Cir. 2001), *Alsol v. Mukasey*, 548 F.3d 207 (2d Cir. 2008), *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), *Moncrieffe v. Holder,* 133 S. Ct. 1678 (2013), *Descamps v. United States,* 133 S. Ct. 2276 (2013), *Sarmientos v. Holder*, 742 F.3d 624 (5th Cir. 2014), *United States v. Brooks,* 751 F.3d 1204 (10th Cir. 2014), and *Persaud v. United States*, 134 S. Ct. 1023 (2014).  Memo. [2] at 4-6.

Gordon's sentencing court, in ruling on his Section 2255 motion, noted that his prior conviction was for possession of narcotics, punishable by a term of imprisonment of more than one year under Connecticut law.  *Glover,* 3:13-cv-801-JCH, at 6.  Petitioner does not argue that he is actually innocent of the Connecticut charge, or that it was not punishable by imprisonment for more than one year.  Rather, he argues that his prior conviction was for simple possession and not a felony under the Controlled Substance Act ("CSA").  The Fifth Circuit has held that a claim of actual innocence of being a career offender fails to satisfy the requirements of the savings clause.  *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (per curiam) (holding that "a claim of actual innocence of [an] . . . enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241") (citing *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000) (per curiam)).  *See also Poindexter v. Nash*, 333 F.3d 372, 381 (2d Cir. 2003) ("Poindexter makes no suggestion whatever that he did not actually commit those three prior crimes.").  Moreover, the CSA defines a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1)(A), in pertinent part, as "an offense that is punishable by imprisonment for more than one year under any law . . . of a State . . . that

6

prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

The cases cited by Petitioner in support of this argument are inapposite. *Carachuri-Rosendo, Moncrieffe, Deschamps* and *Persuad* are Supreme Court cases. However, *Carachuri-Rosendo* and *Moncrieffe* concerned "aggravated felonies" under the Immigration and Nationality Act, not a sentence enhancement under the CSA. *See Glover*, 3:13-cv-802-JCH at 6 n.4. *Deschamps* construed the Armed Career Criminal Act enhancement, 18 U.S.C. § 924(e), applicable to defendants with three prior convictions of a "violent felony or a serious drug offense, or both." And, as noted *supra,* the Fifth Circuit has held that *Persaud* "is not a substantive decision" upon which Section 2241 relief may be granted. *Sharbutt v. Vasquez,* 600 F. App'x 251, 262 (5th Cir. 2015) (per curiam).

Petitioner's enhancement claim is not "based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense." *See Wesson*, 305 F.3d at 347. Again, because Petitioner is required to prove both prongs of the inadequate or ineffective test to invoke the savings clause of Section 2255, the Court need not address the second prong.

Gordon bears the burden of showing the inadequacy or ineffectiveness of the Section 2255 remedy in order to proceed with his claim in a Section 2241 petition. *See Jeffers*, 253 F.3d at 830. He fails to meet this burden. Therefore, Gordon is not entitled to habeas relief under Section 2241.

C.     *Transfer*

As Ground Three of his Petition, Gordon requests that this Petition be transferred to the

7

"circuit of confinement." Pet. [1] at 5. This Court is in the circuit of his current confinement. If Gordon seeks transfer to the Court which initially imposed confinement, though this Court and the District Court of the District of Connecticut may have concurrent jurisdiction, *see Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 498-99 (1973), the Court declines to transfer because this Court can readily determine that the Petition fails on the merits. *See Macias-Munoz v. Longley,* No. 5:12-cv-85-DCB-MTP (S.D. Miss. July 15, 2013). Gordon is serving a federal sentence within this Court's jurisdiction and the Petition is properly filed in this Court.

**III.    Conclusion**

The Court has considered the pleadings and applicable law. For the reasons stated, this Petition for habeas relief pursuant to Section 2241 is dismissed. Further, to the extent the Petition can be construed as a Section 2255 motion, it is dismissed for lack of jurisdiction. *See Pack*, 218 F.3d at 454.

A separate final judgment will be entered in this action in accordance with this Memorandum Opinion and Order.

SO ORDERED, this the 26th day of June, 2015.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE